UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| GERALD CIVILUS, Petitioner, | ) | |
| v. | ) | No. 2:26-cv-00649-JRO-MG |
| BRANDON CROWLEY, SAMUEL OLSON, DAVID VENTURELLA, TODD BLANCHE, MARKWAYNE MULLIN, Respondents. | ) | |

**ORDER TO FILE AMENDED PETITION**

Petitioner Gerald Civilus, by counsel, has petitioned for a writ of habeas corpus under 28 U.S.C. § 2241.

By way of background, Petitioner is a Haitian citizen with a pending asylum application. He was detained by Indianapolis Metropolitan Police Department (IMPD) officers via a traffic stop on September 3, 2026, and is now in the custody of U.S. Immigration and Customs Enforcement (ICE) and held at the Clay County Jail in Brazil, Indiana. He claims that his detention violates the Immigration and Nationality Act and the Fifth Amendment's Due Process clause. He also alleges that IMPD's traffic stop and ICE's subsequent warrantless arrest of him were unlawfully conducted. Petitioner asserts that exhaustion of his administrative remedies should be excused because requesting a bond hearing would be futile.

The "general rule" is that "parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 144–45 (1992)). Federal courts should "prevent[] premature interference with agency processes, so that the agency may function efficiently ... ." *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975).

Petitioner argues that exhaustion should be excused due to two Board of Immigration Appeals (BIA) decisions—*Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025), and *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025)—which held that detention for an alien in Petitioner's situation is mandated by statute. Petitioner overlooks that the Seventh Circuit Court of Appeals recently issued a decision that controls over the BIA decisions cited by Petitioner. *See Cirrus Rojas v. Olson*, 183 F.4th 909 (7th Cir. 2026); *see also Hernandez Melchi v. Swearingen*, No. 2:26-cv-00488-JRO-MKK, 2026 WL 2279391, at *3 (S.D. Ind. Aug. 7, 2026) (denying, in a post-*Cirrus Rojas* decision, a petition for writ of habeas corpus because the petitioner had not exhausted his administrative remedies); *Hernandez v. Swearingen*, No. 2:26-cv-00531-JRO-MJD, dkt. 12 (S.D. Ind. Aug. 20, 2026) (same).

Accordingly, Petitioner will have **through October 14, 2026**, to file an amended petition that either demonstrates his efforts to exhaust administrative remedies or shows cause why, in light of current Seventh Circuit precedent, his petition should not be dismissed for failure to exhaust. *See Gonzalez,* 355 F.3d at 1016 (citing reasons a federal court might decline to require exhaustion).

The Court will issue additional orders once the amended petition has been filed. If Petitioner does not comply with this order in the time provided, the Court may dismiss this case without further warning or opportunity to show cause.

**SO ORDERED.**

Date: 9/23/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

Sarah L. Burrow
LEWIS & KAPPES PC
sburrow@lewis-kappes.com

Edan Israel Gomez
LEWIS & KAPPES PC
egomez@lewiskappes.com