UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| GERALD CIVILUS,<br><br>Petitioner,<br><br>v.<br><br>BRANDON CROWLEY,<br>SAMUEL OLSON,<br>DAVID VENTURELLA,<br>TODD BLANCHE,<br>MARKWAYNE MULLIN,<br><br>Respondents. | ) | No. 2:26-cv-00649-JRO-MG |

**ORDER DENYING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Gerald Civilus was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials in September 2026 and is being held pending resolution of his removal proceedings. He is detained at the Clay County Jail in Brazil, Indiana. Among other claims, he alleges that his detention is unlawful because he has been denied the opportunity for a bond hearing under 8 U.S.C. § 1226(a). He now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking a "constitutionally adequate bond hearing" or, in the alternative, immediate release from custody. Dkt. 12 at 16.

For the reasons explained below, the Court denies the petition without prejudice because Petitioner has not exhausted his administrative remedies.

## I. BACKGROUND

Petitioner is a citizen and native of Haiti who has resided in the United States since early 2023. Dkt. 12 at 8; dkt. 17-1 at 14. On September 3, 2026,

ICE officers were looking for a different non-citizen when, at approximately 11:25 a.m. they observed a blue Kia. Dkt. 17-1 at 13. They ran a records check on the vehicle and discovered that it was registered to Petitioner, who was subject to a "lookout" and whose parole had expired. *Id.* The ICE officers arrested him pursuant to an administrative warrant for removal proceedings authorized by 8 U.S.C. § 1229a. *Id.* at 9, 13. The warrant was served at 11:50 a.m.[1] *Id.* at 9. Petitioner was eventually taken to the Clay County Jail, where he is being held on behalf of ICE. Dkt. 18 at 1.

## II. DISCUSSION

Petitioner claims that he was unlawfully arrested and that his current detention violates the INA because he has been unlawfully denied the opportunity for a bond hearing. Dkt. 12 at 13–16. He also claims that his detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. *Id.* at 12–13.

### A. Bond Hearing

Regarding Petitioner's entitlement to a bond hearing, Respondents concede that the United States Court of Appeals for the Seventh Circuit's recent decision in *Cirrus Rojas v. Olson*, 183 F.4th 909 (7th Cir. 2026), controls. Dkt. 17 at 1. In *Cirrus Rojas*, the Seventh Circuit held that "[a]liens present in the country without admission and not 'seeking admission' fall under Section 1226, not Section 1225(b)(2)(A) [of the INA], and are eligible for bond hearings subject

[1] The warrant does not indicate a.m. or p.m., but the time is written as "1150," which the Court interprets as being written in military time.

to the INA's other requirements." 183 F.4th at 915. The Seventh Circuit further held that the ordinary meaning of "seeking admission" cannot, as a factual matter, describe aliens who "entered the United States without admission or parole . . . making [them] 'inadmissible'" and, thus, "can only seek to remain in the United States through other forms of relief that are *not* admission." *Id.* at 920.

Thus, no party disputes that Petitioner is eligible for a bond hearing. However, Respondents ask the Court to dismiss this action and direct Petitioner to request a bond hearing through an immigration court, rather than grant him relief. Dkt. 17 at 2–3.

The "general rule" is that "parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (quoting *McCarthy v. Madigan,* 503 U.S. 140, 144–45 (1992)). Exhaustion is no mere formality.

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Weinberger v. Salfi*, 422 U.S. 749, 765 (1975). This general rule often applies in immigration matters because "a comprehensive administrative review scheme exists" and, in some cases, exhaustion is mandated by statute. *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002) (citing 8 U.S.C. § 1252(d) and collecting cases).

No statute mandates exhaustion for aliens challenging preliminary custody or bond determinations. *Gonzalez*, 355 F.3d at 1016. Rather, "sound judicial discretion governs." *Id.* (quoting *McCarthy,* 503 U.S. at 144). In exercising its discretion not to enforce the "general rule" of exhaustion, the Seventh Circuit has prescribed consideration of the following individual interests, which are well-recognized in Supreme Court precedent:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez*, 355 F.3d at 1016 (quoting *Iddir*, 301 F.3d at 498); *accord McCarthy*, 503 U.S. at 146–49 ("This Court's precedents have recognized at least three broad sets of circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion."). A party seeking to be excused from exhaustion "need only show that one of the four exceptions outlined above applies." *Iddir*, 301 F.3d at 498. Petitioner asserts that "exhaustion would be futile" and "the petitioner could suffer irreparable harm." Dkt. 19 at 4; *see also* dkt. 12 at 6–8.

The futility Petitioner identifies is based on his constitutional argument regarding the burden of proof at bond hearings. *See* dkt. 12 at 6. The Seventh Circuit has not issued a decision on the question of who bears the burden of proof in an administrative bond hearing, and the circuits that have answered the

question have not answered in unison.[2] Section 1226 is silent as to the burden of proof, so Petitioner's argument must be purely constitutional.

Federal courts are to "avoid[] unnecessary constitutional decisionmaking" and resolve cases on other grounds where possible. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). The doctrine of constitutional avoidance therefore weighs in favor of requiring Petitioner to present his bond request to the immigration court before reviewing the legality of his detention on constitutional grounds. A bond hearing without Court-imposed instructions regarding the burden of proof may yet result in his release on bond, or it may result in the denial of bond for reasons unrelated to the burden of proof. At this point, it is prudent for the Court to avoid an unnecessary constitutional decision. *See id.*

Regarding irreparable harm, Petitioner identifies the average length of time that bond appeals take to become final. *See* dkt. 12 at 8. This span of time to obtain a *final decision* on the issue of bond does not convince the Court that Petitioner will be irreparably harmed by being made to request his *bond hearing* through the administrative channels instead of the Court ordering one to occur.

The Seventh Circuit's directive in *Cirrus Rojas* is clear: Petitioner is entitled to a bond hearing. Respondents acknowledge as much in their Response. Dkt. 17. The Court has no factual or legal basis at this point to conclude that immigration officials will ignore *Cirrus Rojas*'s binding mandate in this district.

---

[2] *Compare, e.g.*, *Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021) ("We therefore conclude that the government must bear the burden of proving dangerousness or flight risk in order to continue detaining a noncitizen under section 1226(a)."), *with Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) ("[U]nder § 1226(a) the burden remains on the detainee at all times.").

Thus, the Court will require Petitioner to exhaust his administrative remedies before presenting his petition before this Court. *Gonzalez*, 355 F.3d at 1016. The practical difference in outcomes between Petitioner requesting a bond hearing and the Court ordering Respondents to hold such a bond hearing should be negligible. Requiring the exhaustion of administrative remedies should not cause unreasonable delay. The agency is able to provide Section 1226 bond hearings. The request should not be futile given *Cirrus Rojas*'s mandate.

Federal courts should "prevent[] premature interference with agency processes, so that the agency may function efficiently." *Weinberger*, 422 U.S. at 765. So, out of "respect for the functions of the other branches," *Webster v. Doe*, 486 U.S. 592, 609 (1988) (Scalia, J., dissenting), the Court defers to the administrative process, especially in this case where "control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature," *Landon v. Plasencia*, 459 U.S. 21, 34 (1982). It is premature to step in now before the agency has had a chance to implement congressional policy, as interpreted by Seventh Circuit precedent, of giving Petitioner a Section 1226 bond hearing.

**B. Unlawful Arrest**

Petitioner further contends that his vehicle was stopped without any reasonable suspicion of violation of law and that he was subsequently arrested by ICE without a warrant. Dkt. 12 at 14. These arguments fail on the facts of the case. The evidence reflects that the ICE officers determined that Petitioner's parole had expired and that there was a "lookout" for him and a warrant was

issued before he was arrested. Though his vehicle might have come to the ICE officers' attention at 11:25 a.m., there is no evidence suggesting that Petitioner was arrested before the warrant was issued and subsequently served at 11:50 a.m. Petitioner has not shown that his arrest was warrantless or unlawful, so the Court will not order relief on this argument.

**III. CONCLUSION**

The Court **DENIES** the arrest-based claim of the petition, and the Court **DENIES without prejudice** the bond-hearing-based claims because Petitioner Gerald Civilus has not exhausted his administrative remedies. If the administrative path proves ineffective to allow Petitioner to receive a bond hearing, he may file a new petition.

The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 11/9/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel